UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN PORTNEY,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE,<br><br>    Defendant. | Case No.  24-cv-07802-JSW   (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 37 |

Plaintiff Jonathan Portney asserts that Defendant Lake County terminated his employment for retaliatory and discriminatory reasons, among other claims. *See generally* ECF No. 11 (1st Am. Compl.). In the joint discovery letter currently before the Court, Plaintiff seeks to reopen the deposition of Eddie Crandell, a member of the Board of Supervisors of Defendant Lake County, after defense counsel instructed him not to answer questions regarding proceedings in a closed session. *See generally* ECF No. 37. The agenda for the closed session at issue included two items:

> 8.1 Conference with Legal Counsel: Significant Exposure to Litigation pursuant to Gov. Code section 54956.9(d)(2), (e)(1) – Two potential cases
> Memo: 23-1003
>
> 8.2 Public Employee Discipline/Dismissal/Release
> Memo: 23-1004

ECF No. 37-2 at 25.[1]

---

[1] The Court takes judicial notice of the following "action text" in the website linked from the text reading Memo 23-1004: "On motion of Supervisor Simon, and by vote of the Board, moved to terminate Health Services Director Jonathan Portney effective immediately. The motion carried by the following vote: Ayes- Supervisors: 5 - Simon, Sabatier, Crandell, Green, and Pyska On motion of Supervisor Simon, and by vote of the Board, appointed Susan Parker as Interim Health Services Director effective immediately. The motion carried by the following vote: Ayes- Supervisors: 5 -

1    Defendant now offers two justifications for those instructions not to answer: a state-law
2    prohibition against disclosing proceedings in closed session (and/or the related federal deliberative
3    process privilege), and attorney-client privilege.

### A.    Brown Act and Deliberative Process Privilege

California law, including the Brown Act, prohibits disclosure of proceedings of a legislative body in closed session, unless authorized by that body. Cal. Gov't Code § 54963(a); *Kleitman v. Superior Court*, 74 Cal. App. 4th 324, 335–36 (Sept. 9, 1999). But when (as here) a case includes both state and federal claims, and "the same evidence relates to both federal and state law claims, [federal courts] are not bound by [state] law on privilege. Rather, federal privilege law governs." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016) (citation omitted); *see also Kirkpatrick v. City of Oakland*, No. 20-cv-05843-JSC, 2021 WL 8892955, at *1 (N.D. Cal. Oct. 20, 2021). "The Brown Act is not a privilege recognized under federal law," and therefore does not apply in this case. *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1126 (N.D. Cal. 2003).

Instead, any protection that might attach to the Board of Supervisors' confidential deliberations stems from the federal common law, which "recognizes the deliberative process privilege." *Id.* at 1120. For that privilege to apply, a "document or testimony must be predecisional—*i.e.,* it must have been generated before the adoption of a policy or decision," and it must also "be deliberative in nature, containing opinions, recommendations, or advice about . . . policies or decisions." *Id.* at 1121. Even where those elements are satisfied, the deliberative process privilege is only a qualified privilege, which requires balancing multiple potentially relevant factors:

> (1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See id.* Other factors that a court may consider include: (5) the interest of the litigant, and

---

Simon, Sabatier, Crandell, Green, and Pyska."
https://countyoflake.legistar.com/LegislationDetail.aspx?ID=6343855&GUID=955F62A0-44B9-4E22-91F5-9585B3A90344 [https://perma.cc/59JV-VRHN]. The linked page for Memo 23-1003 does not include further substantive information.

United States District Court
Northern District of California

>ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.

*Id.* at 1122.

The Court presumes for the sake of argument that the communications at issue meet the basic elements to apply the deliberative process privilege. Even if so, Plaintiff's strong interest in understanding Defendant's reasons for the conduct at issue—the decision to terminate Plaintiff's employment—goes to the heart of his claims. The federal interest in enforcement of antidiscrimination law also militates in favor of disclosure. Those interests outweigh any countervailing consideration under the circumstances of this case, where Defendant has identified no specific interest in confidentiality.

The Court therefore concludes that the deliberative process privilege does not prevent Plaintiff from questioning Crandell (and other witnesses who may have been present) about proceedings at the closed session where the Board decided to terminate Plaintiff's employment. *See N. Pacifica*, 274 F. Supp. 2d at 1124–25 (reaching the same conclusion where the intent behind a city council decision was directly at issue, and noting a heightened interest in enforcing equal protection rights).[2]

### B.  Attorney-Client Privilege

Defendant also contends that the attorney-client privilege prevents disclosure, because the Board of Supervisors sought advice from legal counsel during that session.

The parties do not raise any dispute as to the basic contours of the attorney-client privilege under federal common law.

>The fact that a person is a lawyer does not make all communications with that person privileged. "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." Wigmore on Evidence describes the several elements of the privilege this way: (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal

---

[2] Defendant here has not invoked the "mental process privilege" for a decisionmaker's subjective thought process, which Judge Chen also considered in *North Pacifica*.

3

>adviser (8) unless the protection be waived. The burden is on the party asserting the privilege to establish all the elements of the privilege.

*United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002).

Considering the analogous circumstances of corporate in-house counsel, courts have held that "[n]o privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice." *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-cv-02450-WHO (DMR), 2023 WL 2699971, at *4 (N.D. Cal. Mar. 29, 2023) (quoting *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990), and citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)) (alteration in original). Under that standard, communications involving in-house counsel "warrant[] heightened scrutiny because in-house counsel may act as integral players in a company's business decisions or activities, as well as its legal matters." *Id.* (cleaned up). Courts apply principles of privilege derived from "the business world" to governmental entities' consultations with their attorneys. *N. Pacifica*, 274 F. Supp. 2d at 1127.

Addressing a county board of supervisor's closed session, the Eastern District of California held that "the fact that confidential communications within the privilege may have been made at the board meetings does not cloak the entire proceeding in secrecy." *Larson v. Harrington*, 11 F. Supp. 2d 1198, 1201 (E.D. Cal. 1998). Here, unlike in *Larson*, the agenda for the meeting at issue indicated that the Board of Supervisors would confer with counsel regarding potential legal exposure. ECF No. 37-2 at 25 ("Conference with Legal Counsel: Significant Exposure to Litigation"). Communications during the closed session that were made for that purpose are privileged.[3] But a separate agenda item regarding "Public Employee Discipline/Dismissal/ Release," which pertained to Portney's termination, does not evince any intent to seek legal advice from counsel. *Id.* Sessions that "were closed not to obtain legal advice but to consider

---

[3] The Court does not find that a memorandum from the County Administrative Officer to the Board detailing Plaintiffs' alleged misconduct and deficiencies serves to waive privilege merely because it concludes with a statement that "both County Counsel and Administration thank you for your patience during this process and . . . are available and prepared to answer your questions." ECF No. 37-2 at 6. The letter is signed by the Administrative Officer, not by counsel, and does not include any analysis of potential legal exposure.

4

1   disciplining a public employee and those discussions are certainly not within the attorney-client
2   privilege," at least in their entirety. *Larson*, 11 F. Supp. 2d at 1201. "[I]nquiry into the
3   substantive decisionmaking of the [Board] members . . . , even if it had a legal impact, may be
4   permissible." *N. Pacifica*, 274 F. Supp. 2d at 1128,

5         Accordingly, Defendant may instruct the witnesses not to reveal communications made
6   primarily for the purpose of obtaining legal advice, but Plaintiff may ask Supervisor Crandell (and
7   potentially other witnesses) about substantive discussions during the closed session regarding the
8   merits of whether Plaintiff should be fired or otherwise disciplined.

9         \* \* \*

10        For the reasons discussed above, Plaintiff's request to reopen Supervisor Crandell's
11  deposition is GRANTED. The reopened deposition shall be limited to questions Crandell was
12  previously instructed not to answer, any other questions that Plaintiff may have regarding the
13  closed session in which the Board decided to fire him, and any further questions that follow
14  naturally from Crandell's answers to those questions. Defendant may not instruct Crandell not to
15  answer questions merely because they exceed the scope of further questioning allowed by this
16  Order (e.g., questions that do not pertain to the closed session or naturally follow from Crandell's
17  answers), but may seek appropriate sanctions after the deposition for substantial violations of that
18  scope.

19        The parties are instructed to meet and confer as to the date of Crandell's reopened
20  deposition and must file a joint letter no later than September 17, 2025 if they are unable to agree.

21  **IT IS SO ORDERED.**

22  Dated: September 10, 2025

LISA J. CISNEROS
United States Magistrate Judge

5