UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN PORTNEY,

Plaintiff,

v.

COUNTY OF LAKE,

Defendant.

Case No. 24-cv-07802-JSW

**ORDER DENYING MOTION TO CONTINUE TRIAL AND TO AMEND CASE SCHEDULE**

Re: Dkt. No. 59

This matter comes before the Court upon consideration of Plaintiff's motion to continue trial and to amend the case schedule. The Court has considered the parties' papers, including their supplemental briefs, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for May 22, 2026, and DENIES Plaintiff's motion.

**BACKGROUND**

On March 10, 2025, the Court issued the Scheduling Order in this case. (Dkt. No. 27.) Pursuant to the Scheduling Order, fact discovery closed on April 24, 2026, expert discovery closes on May 29, 2026, and dispositive motions are set to be heard on June 12, 2026.[1] Trial was set for August 24, 2026. (*Id.*) On January 16, 2026, the Court held a further case management conference and advised the parties that it would not be able to try the case on the scheduled date.[2] The Court asked the parties to consider consenting to a Magistrate Judge for all purposes.

---

[1]    The Court DISCHARGES the Order to Show Cause regarding the length of Defendant's motion for summary judgment.

[2]    The Court will be required to continue the trial date and the jury selection because it will be unavailable on August 24, 2026. For the reasons outlined in this Order, it concludes Plaintiff has not shown the requisite diligence to amend other deadlines and hearings.

United States District Court
Northern District of California

Defendant declined to consent.

Magistrate Judge Cisneros has supervised all discovery in the case. Plaintiff chose not to serve interrogatories, requests for admissions, or Rule 34 requests for document production. Instead, he included document requests with his deposition notices. Plaintiff also chose to hold all depositions in person in Santa Rosa, California, although the County's witnesses are located approximately two hours away. Plaintiff contends Defendant's witnesses did not produce all documents included in the requests accompanying the deposition notices. According to Defendant, each of the County witnesses testified they had produced all documents in their possession, custody, and control. (Declaration of Ethan Wicklund ("Wicklund Decl."), ¶¶ 7-11 & Ex. F.) Plaintiff has presented two discovery disputes to Judge Cisneros and obtained rulings in his favor. (*See* Dkt. Nos. 40, 72.) Except for those disputes, Plaintiff has not sought relief from Judge Cisneros to obtain documents he contends have not been produced during depositions. Plaintiff also has not sought from relief from Judge Cisneros regarding disputes over scheduling depositions.

Plaintiff filed the instant motion on April 16, 2026.[3] The Court will address additional facts in the analysis.

**ANALYSIS**

Whether to grant Plaintiff's motion to continue the trial lies within the "broad discretion" of the Court. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). There are four factors that guide the Court's exercise of that discretion: (1) Plaintiff's diligence in his efforts to prepare for trial; (2) the likelihood that the need for the continuance will be met if it is granted, *i.e.*, whether it would be useful; (3) whether granting the continuance would inconvenience the Court and Defendant, including Defendant's witnesses; and (4) the extent of harm Plaintiff would suffer if the Court denies the motion. *Id.* at 1558-59.

Plaintiff moves to continue the trial for approximately one year. The Court's inability to begin trial on August 24, 2026, is not within the parties' control and the trial date itself must be

---

[3] Plaintiff re-filed the motion on April 22, 2026, after counsel was advised to notice the motion for a hearing date.

United States District Court<br>Northern District of California

continued. However, the focus of Plaintiff's motion is his concurrent request to amend the other deadlines set in the Scheduling Order to comport with his proposed trial date. Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order may be modified "only for good cause and with the judge's consent." The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

Plaintiff argues that "Defendant has not produced all documents requested in deposition notices." (Mot. at 4:1-2.) Plaintiff did not identify specific documents in his opening motion or reply brief. Even after the Court gave Plaintiff an opportunity to provide additional details, Plaintiff still has not identified any specific documents that he has reason to believe were not produced by Defendant. In addition, with two exceptions, Plaintiff did not raise those concerns with the Magistrate Judge during or after the depositions. The Court also notes that in February 2026, Plaintiff's counsel sent Defendant's counsel an e-mail stating that she would "be requesting the court to keep discovery open a few months given the Court's representation that the case will not go to trial in August of this year." (Wicklund Decl., ¶ 19 & Ex. H.) Plaintiff did not reference any outstanding discovery in that e-mail. (*Id.*)

The Court concludes that Plaintiff has not demonstrated the necessary diligence under either Rule 16 or the factors outlined in *Flynt*. *Cf. Zivkovic v. So. Cal. Edison*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding plaintiff failed to act diligently in complying with dates and denying motion to modify scheduling order, where plaintiff moved to extend discovery by ten months and trial by five months). Moreover, because Plaintiff has not identified specific outstanding discovery, he has not met his burden to show the need for the continuance would be met if the Court granted his motion or that he would be harmed by the denial of his motion.

For the foregoing reasons, the Court DENIES Plaintiff's motion. The Court will grant Plaintiff until Tuesday, May 26, 2026 to file his opposition to Defendant's motion for summary

judgment and shall extend Defendant's reply deadline to June 2, 2026.  The hearing remains scheduled for June 12, 2026, at 9:00 a.m. by Zoom webinar.  If the Court concludes the motion can be resolved without oral argument, it will notify the parties in advance of the hearing.

**IT IS SO ORDERED.**

Dated: May 20, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California